IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL DIAZ, :
:
    Petitioner :
: CIVIL NO. 1:11-CV-0490
:
v. : Hon. John E. Jones III
:
:
WILLIAM SCISM, :
:
    Respondent :

## MEMORANDUM

May 31, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

    Petitioner Paul Diaz ("Petitioner" or "Diaz"), an inmate presently confined at the Low Security Correctional Institution at Allenwood ("LSCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  (Doc. 1.)  Diaz challenges the collection of payments from him by the Bureau of Prisons ("BOP") through its Inmate Financial Responsibility Plan ("IFRP") on the basis that it violates the terms of the Judgment in a Criminal Case that was entered by the United States District Court for the Southern District of Florida imposing the sentence that he presently is serving.

By Order dated April 13, 2011, we directed service of the Petition on Respondent. (Doc. 5.) In a Response filed on May 3, 2011, Respondent asserts that this Court should transfer the instant Petition to the district of sentencing for the convenience of the parties because this Court lacks information that was available to the sentencing court regarding Diaz's ability to pay restitution. (Doc. 6.) Although Diaz was afforded the opportunity to file a reply within fourteen (14) days of receipt of Respondent's filings (*see* Doc. 5 ¶ 4), no reply has been filed. For the reasons set forth herein, we shall direct the transfer of this action to the United States District Court for the Southern District of Florida.

I.     FACTUAL BACKGROUND

Diaz presently is serving a 300 month term of imprisonment that was imposed on December 21, 2001 by the United States District Court for the Southern District of Florida. (*See* Doc. 6-1, Ex. 2, Judgment in a Criminal Case.) The sentence was imposed following Diaz's conviction by a jury of one count of conspiracy to commit carjacking offenses and one count of conspiracy to use and carry a firearm during a crime of violence. (*See id.*) The Judgment in a Criminal Case entered by the sentencing court also ordered Diaz to pay an assessment of $300.00 and restitution in the amount of $447,607.00. (*See id.* at 4.) The sentencing court ordered the assessment and restitution to be payable immediately. (*See id.* at 5.) Diaz appealed

his criminal conviction, but he did not challenge the sentence that was imposed. (*See id.*, Ex. 3, Judgment and Opinion of the Eleventh Circuit Court of Appeals.)

Diaz arrived at LSCI Allenwood on June 16, 2008. (*See* Doc. 6-1, Ex. 1, Romano Decl., ¶ 3.) BOP records reflect that, on June 13, 2010, Diaz asked to be placed in refuse status with regard to his participation in the IFRP Program. (*See id.*) BOP records also reflect that Diaz was placed in IFRP Refuse Status per his request on June 15, 2010. (*See id.*) Diaz's projected release date is December 13, 2022, via good conduct time release. (*See id.* ¶ 2.)

## II.   DISCUSSION

Diaz challenges the collection of funds from him by the BOP through its IFRP Program during his incarceration based upon his assertion that it was not the intention of the sentencing court that he pay restitution during his incarceration. (*See* Doc. 1 at 4-5.) He alleges that the BOP lacks the authority to set the terms and conditions of payment because this authority rests solely with the sentencing court, and he therefore requests that this Court order the BOP to stop collecting restitution payments from his inmate account and to stop punishing him for his failure to participate in the IFRP Program. (*See id.* at 5-6.)

In *United States v. Corley*, 500 F.3d 210 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit held that "ordering restitution is a judicial function

that cannot be delegated, in whole or in part" and that therefore, a sentencing court "impermissibly delegate[s] its duty under the MVRA [Mandatory Victims' Restitution Act] to schedule restitution payments to the Bureau of Prisons" when it understands from the information before it at the time of sentencing that the defendant cannot make immediate payment in full and fails to set a different schedule of payments.  500 F.3d at 225, 227-28.  Therefore, the resolution of the instant Petition turns on the terms pursuant to which the sentencing court established a restitution schedule.

Respondent states that, in investigating the merits of Diaz's claims in order to respond to the instant Petition, he cannot ascertain with certainty what financial information was before the sentencing court and relied upon by that court in imposing its restitution order in Diaz's case, nor does Respondent have a clear statement of the terms under which restitution was to be paid during Diaz's incarceration.  (*See* Doc. 6 at 6.)  However, Respondent points out that the sentencing court has knowledge as to Diaz's resources at the time of sentencing and as to whether it determined that Diaz could make immediate full restitution, as well as the terms it imposed for the payment of restitution during Diaz's term of incarceration.  (*See id.*)  Further, as pointed out by Respondent, the probation department that likely prepared a pre-sentence report, the prosecuting office and files, and any witnesses, all are located in the jurisdiction of the sentencing court.  (*See id.*)

>Title 28 U.S.C. § 1404(a) states as follows:
>
>>For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought.

28 U.S.C. § 1404(a).  The Court may apply "traditional venue considerations", including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94 (1973).  Indeed, in similar cases that have come before this Court where the petitioners challenging the BOP's collection of funds through the IFRP Program were sentenced in different jurisdictions, it was observed that "judicial efficiency and economy would best be served by transferring the case", and thus the cases were transferred to the jurisdiction of the sentencing courts.  *See Gardner v. Williamson*, Civil No. 3:07-CV-1788, Doc. 26, 2008 WL 1752229, at *4 (M.D. Pa. April 14, 2008) (Munley, J.) (citing *Verissimo v. INS*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (finding that "a habeas petition may be transferred tot he district court of the state I which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state.");*Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the

availability of witnesses and records.").).  *See also Wall v. Martinez*, Civil No. 3:10-CV-586, Doc. 9 (M.D. Pa. Oct 5, 2010) (Report & Recom.), *adopted by* Civil No. 3:10-CV-586, Doc. 12, *slip op.* (M.D. Pa. Oct. 28, 2010) (Kosik, J.); *Argentina v. Sniezeck*, Civil No. 4:09-CV-0382, Docs. 12, 13, 2010 WL 2632561 (M.D. Pa. Jun. 28, 2010) (Jones, J.).  Accordingly, we find that the interests of judicial efficiency and economy would best be served by transferring this case to the United States District Court for the Southern District of Florida.  An appropriate Order will enter on today's date.